IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

DUNCAN J. McNEIL III                                                                            PLAINTIFF

VERSUS                                                              CIVIL ACTION NO.   3:05cv681HTW-JCS

UNITED STATES, its Officers and Agencies                                         DEFENDANTS

OPINION AND ORDER OF DISMISSAL

This cause comes before this court on plaintiff's motion to proceed *in forma pauperis*. Upon further consideration of the records in this action, the court finds that the plaintiff is incarcerated in Spokane, Washington. [Document #1]. According to a review of the previous cases filed by the plaintiff, this court finds that the plaintiff has filed over 50 cases in other district courts.[1]  The plaintiff has on more than three occasions filed civil actions which have been dismissed as frivolous, malicious or failed to state a claim.[2]  Even though the plaintiff asserts in his motion [document # 3] that he is under imminent danger of serious physical injury "due [to] my conditions of incarceration and the withholding of medical care," he fails to set forth specific allegations which establish imminent danger.  The mere claim of withholding medical care does not meet the exception to 28 U.S.C. § 1915(g).  See Edmond v. Texas Dep't of

---

[1] A search of the United States Party/Case Index indicates that McNeil has been the plaintiff in 54 civil actions.

[2] The plaintiff has filed at least five cases which have been dismissed as frivolous or malicious. See McNeil v. United States, 2005 WL 1521485 *1 (N.D. Tex. June 28, 2005) (  see McNeil v. Spokane County Jail, No. 04-371-AAM (E.D. Wash. Nov. 9, 2004); McNeil v. Gregoire, No. 03-372-AAM (E.D. Wash. Nov. 9, 2004);  McNeil v. Miller, No. 04-378-AAM (E.D. Wash. Nov. 9, 2004); McNeil v. Tighe, No. 04-379-AAM (E.D.Wash. Nov. 9, 2004); McNeil v. Williams, No. 04-380-AAM (E.D.Wash. Nov. 9, 2004).  Furthermore, this court notes that the plaintiff has been determined to be a "vexatious litigant" in the Eastern District of Washington, the United States Bankruptcy Court for the Central District of California, and Spokane County Superior Court.  See McNeil v. United States, 2006 WL 581081 (W.D. Wash. Mar. 8, 2006) (citing McNeil v. Spokane County Jail, No. C04-371-AAM (E.D. Wash. Nov. 9, 2004).

Corrections, et al., No. 97-10819, 97-11170, 97-11202 (5th Cir. Oct. 7, 1998)(unpublished) (allegations about the quality of medical care, including delay in medical care for fractured jaw, found insufficient to satisfy the § 1915(g) exception);  Humphrey v. Lopez, No. 5:04-cv-94, 2004 WL 980512, at * 2 (N.D.Tex. May 6,2004)(allegations of delay in medical care due to racial discrimination fail to establish imminent danger of serious physical injury); Cain v. Shilling, No. 799-CV-898, 2001 WL 515263, *2 (W.D. Va. Mar. 14, 2001)(imminent danger not established when prisoner alleged he did not receive the treatment he believed necessary); Ford v. Foti, No. 01-1970, 2001 WL 845461, at *2 (E.D.La. July 25, 2001)(allegations of missed appointment for circumcision and prison doctors failure to treat him progressively for Hepatitis C failed to allege physical danger sufficient to overcome the § 1915(g) bar); Gallagher v. McGinnis, No. 00-1468, 2000 WL 739285, at *1 (E.D. La. June 5, 2000)(allegations of inadequate medical care for excruciating pain and ambulatory difficulties exacerbated by prisoner's work assignments and the prison officials' indifference to his medical needs failed to establish danger of serious physical injury); Carson v. TDCJ-ID, No. 2:98-cv-0397, 1998 WL 906989, at *1 (N.D.Tex. Dec. 17, 1998)(allegations of inadequate medical care for plaintiff's hearing loss and failure to assign him to work compatible with his medical needs and medication were insufficient to overcome the prohibition under § 1915(g)).  Therefore, this court finds that the plaintiff's use of the phrase imminent danger in his motion is simply an effort to craft his pleadings in a manner which would circumvent the § 1915(g) bar.  Consequently, the plaintiff's motion for *in forma pauperis* is denied pursuant to the "three-strikes" bar of 28 U.S.C. § 1915(g).

Additionally, this court has reviewed the allegations of the plaintiff's complaint.  Clearly, the plaintiff cannot maintain this civil action based on 28 U.S.C. § 1963 which governs the

registration of a judgment from another district.[3]  For the plaintiff to register a "foreign judgment" in this court, he is required to submit to the Clerk a certified copy of the judgment from the other district, together with a filing fee in the amount of $39.00.  Because the plaintiff failed to submit a certified copy of the judgment that was allegedly entered in the other district, the judgment cannot be registered in this court.  Furthermore, since it is not necessary to file a separate civil action to have a judgment from another district registered in this district court, the plaintiff's civil action is deemed frivolous and will be dismissed.  Accordingly, it is

ORDERED AND ADJUDGED that plaintiff's motion to proceed *in forma pauperis* is denied.

IT IS FURTHER ORDERED AND ADJUDGED that the plaintiff's remaining motions are denied.

IT IS FURTHER ORDERED AND ADJUDGED that this action is dismissed with prejudice as frivolous.

A final judgment in accordance with this Opinion and Order of Dismissal will be entered.  This the 23rd day of May, 2006.

s/ HENRY T. WINGATE

CHIEF UNITED STATES DISTRICT JUDGE

---

[3] The plaintiff filed a similar action in the United States District Court for the Northern District of New York which was dismissed.  See McNeil v. United States, 2006 WL 566472 (N.D. N.Y. Mar. 7, 2006.)